Chief Justice Robertson
delivered the opinion of the Court.
John Rowan brought an action on the case against “the Louisville and Portland Canal Company,” and filed a declaration containing two counts.
In the first count he alleged that, the company having proposed in writing to excavate a basin on his land adjoining the upper part of the canal, for the occasional privilege of using it, in common with himself, to which he had, also in writing, acceded, on a certain condition which the company afterwards ratified, by an order filed in its office, and which agreement was to have been further consummated, by formal articles, and that he was always ready to execute the articles, but the company failed and refused to do so, and, having also failed to make the excavation, covered his said land with rocks and dirt 8zc. greatly to his damage, and failed to remove the same according to the alleged agreement.
In the second count, after setting forth the same alleged contract, and a non-compliance with it, he averred that the company being, in consequence of Ihe contract, in the possession of his land, instead of making the stipulated excavation, covered it with alluvial matter, rocks, and dirt, greatly to his annoyance and injury, and for which he therefore sued.
Demurrers to each count having been overruled, the company pleaded non assumpsit, and not guiltv; andón ' .• i r . , 5 , those issues, the jury found a verdict for three thousand f¡iree hundred dollars in damages, for which the court ■ ° , , , . rendered a judgment; to reverse which, this appeal is prosecuted.
Whether the declaration shows a binding contract, which the company, as a corporate body? had a right to *607 make; and whether that contract, if obligatory, be a specialty or not, are questions which, although they have been elaborately discussed in argument, we shall not now consider: because, there being, in our opinion, a fatal misjoinder of distinct causes of action, which cannot be joined in the same declaration, or the same count, a decision of other points, not material to the case as now presented, may, with propriety, be waived.
Seperate demurrers to different counts, do not reach a misjoinder. A ground of dem’ris waived by pleading o ver J
was a remittitur A misjoinder of contract and tort is not cured by a verdict upon the wholedeclaration At commonlaw,’ a misjoinder of contract and tort was not cured by a . general verdict. If damages were assessed upon one count only: or if several damages were assessed up on the different counts, and there of the damages for the breach of contract, or of those for the tort, the judgment would not be arrested for the misjoinder. And—a general verdict upon a good and bad count might be amended by the judge’s notes, allowing that the evidence, or the assessment, was confined to one count; and the same principle might apply to a misjoinder.
The first count, though anomalous and confused, is evidently ex contractu. The second count, equally heterogeneous and peculiar, is as evidently ex delicto; and, though it has blended tort and contract, yet we are inclined to think that the contract and the alleged breach of it were stated, not for the purpose of recovering damages on that ground; but only for the purpose of showing that case wras the appropriate remedy for the wrongful use made of the ground whilst it was in the possession of the company under the contract, and for which trespass should have been brought had there been no such right to possession.
As the demurrers were filed to each count separately, they did not embrace the misjoinder; and even if either count be, in itself, defective, the pleas filed, after the demurrers were overruled, waived all error in deciding on those demurrers.
And the counsel for tbe appellee now insists, that the misjoinder of tort and contract was cured by the verdict. But we think otherwise.
It is clear that, at common law, a misjoinder of contract and tort was not cured by a general and indiscriminating verdict for the plaintiff, on his entire declaration; but if distinct damages be assessed on one count, or there be a remittitur damna as to the verdict on one of the counts, when several damages have been assessed, on each, the misjoinder might not have been sufficient cause for arresting judgment. 1 Chitty on Plead. 236; Ib. 448; 2 Suund. 117 b. Comyn's Big. title action, G. 1, 2, 5; *608 Mast vs. Goodson, 3 Wils. 354; Holmes vs. Taylor, Lev. 101; Bage vs. Bromwel, 3 Ib. 99; Dalston vs. Janson, 1 Salk. 10; Cooper vs. Bissel, 16 Johnson’s Repts. 146; Vaughn vs. Havens, 8 Ib. 110; Benson vs. Swift, 2 Mass. Repts. 53; Gordon vs. Kennedy, 2 Binny, 287.
A fetetute of this thnt° a dggnerfi verdict shall be good, if there is any good count in thedec’n, tho’ there may be some bad. But neither this stater statute of jeo-fads, applies to a misjoinrleroftort and contract,
In Bage vs. Bromwel (supra,) it was decided, that a verdict specially oil one count, for the plaintiff, and against him on the other, did not cure a misjoinder of tort and contract; but that doctrine has been overruled; and it was in reference to that only*, that Lord Ellenborough said in Knightly vs. Birch, 2 M. & S. 533, that “the “ case of Bage vs. Bromwel had had its day, and that it “ was time it should cease.”
But this exception itself shows the general concession of the doctrine, that a general verdict on a declaration containing distinct causes of action in tort and contract, will not cure the misjoinder, according to the common law. And the exception thus taken by Lord Ellenborough, and now generally recognized, shows the reason of the general rule itself; and that is that, after a general verdict, it may not be known whether the assessment was on one count only, or on both, or if only on one, on which ones
It has been frequently decided, that a general verdict on a declaration containing several counts, one of which is bad, may be amended by the Judge’s notes, showing that the evidence was confined to one count; or that damages were assessed on one count only. Stafford vs. Green, 1 Johnson’s Reports 505; Roe vs. Crutchfield, 1 H. and M. 365, 2 Saunders, 171; Doug. 730. And the samé doctrine might be applied to a general verdict when -there is a misjoinder.
A statute of this State declares, that a general verdict shall be good, if there be one good count, although theré may also be an insufficient count; but it does not apply , .... . , , , c - , 1° a misjoinder oí counts, and has never, so tar as we know or believe, been construed as applying to such ¿ ° Case.
Nor does the statute of jeofails of 1796 (2 Stat. Law, 873,) or any prior statute apply toa caseol misjoinder 0f counts or causes of action. And we are of the opinion that the statute of 1799 (Ib. 875) does not cure the *609 misjoinder in this case; It declares that, “no judgment, “ after the verdict of twelve men, shall be stayed or re- “ versed, where it shall appear to the court, that the mer- “ its of the case have been fairly and fully decided by such verdict; and that such verdict, and the judgment “ thereon, might be effectually pleaded in bar to another “ suit for the same cause.”
Aft act 6f’99de-clares that no judg’t after verdict shall be stay ed or reversed, where it shall •appear to the court, that the merits orthe case have been fairly decided, and the j augment would bar another suit. But where the record 'does not show what was tried, or proved, the court cannot apply the statute, or decide that it cures a misjoinder of counts*
„ ,. . damages, for a lo'1”excavate^a basin upon the . plaintiff’s land, at the head of a canal, according to contract, evidence to show that the basis would have been useless to the plaintiff, is admissible—in mitigation of damages,
The record does not show, in this case, what was tried Or proved; and therefore, it does not appear to this court, that the merits were “fairly and fully decided,” or that the verdict and judgment might effectually bar another •suit for either of the causes of action declared on. Had the record shown, that no evidence was given as to one of the causes of action, or that the jury must have assessed the damages on one count only, the judgment Would not be reversible for the misjoinder, and the statute of 1799 would apply. But, as that does not appear, we cannot presume that the damages were not assessed on both counts, nor know on which of them they were assessed, if assessed only on one. And therefore, neither that statute, nor the common law, can be considered as making such a verdict cure the misjoinder.
We do not know that the point we are now considering had ever been directly decided by this Court; butwé may infer that it was virtually decided, according to this opinion, in the case of Carstarphan vs. Graves, 1 Marsh. 435.
But if it be altogether uncon cl uded by the authority of this Court, we feel impelled to the conclusion, that the common law alone must determine the question, and that according to the doctrines of that code, the general Verdict, without an exhibition of all the evidence, cannot cure the misjoinder of tort and contract in the declaration. We are therefore of the opinion that the judg* ment is, on this ground, erroneous.
It is erroneous, also, on another ground: the circuit .judge refused to permit the appellants to prove, on the trial, that the basin, had it been excavated, would have *610 been useless to the appellee and injurious to the canal; Now, as there was a count for a breach of contract in not making the excavation, and as the jury may have assessed damages on that count (and there is nothing to' show that they did not,) the rejected testimony, primeo facie, seems to have been pertinent and material; because, in enquiring of damages for failing to make the excavation, proof that, if made, it would have been of no value, was certainly material in mitigation of damages.
As already suggested, we do not mean to be understood as intimating whether the count on the contract is good.
Wherefore, for the causes suggested, without considering other poiiits discussed, it is considered that the judgment of the Circuit Court bo reversed, and the cause remanded for a new trial.