Chief Justice Robertson
delivered the’Opinion of the Court.
In an action of replevin, brought against them by Gaines, for two slaves, Tibbs and Akin filed various pleas— among which were an avowry by the former, and a cognizance by the latter, in which they avowed that Akin,, having in his hands, as a deputy sheriff, a fieri fiadas in favor of Tibbs, and against one Richardson, levied it on the slaves'for which the suit was instituted; that those slaves were subject to that execution, and that they had not been taken otherwise than in virtue of the execution.
After issues had been completed on those and other pleas, the suit was abated as to Akin, in consequence of his death; and tiren Tibbs filed a new plea of non cepit, and another avowry, substantially the same as those previously filed by Akin and himself.
In replevin, against two debts, one avows and justifies the taking, under an execution levied by him, as a deputy sheriff; the other makes cognizance as plt’f in the same execution: jointly sued, & pleading the same facts in justification, a verdict in their favor would entitle them to a joint judg't pro retorno.
The dep. sheriff, avowant, having died before the trial, the surviving def t files a newavowry, justifying the taking by himselfalone, as both had justified before — on which, the plt’f takes issue: a verdict being found for def't on this issue, as he alone is entitled to the judg't — it must be the same as though he had been sued alone.
And a jury, sworn to try the issues formed on these last pleas by Tibbs alone, having found a general verdict in his favor, the Court gave him a judgment for costs, and also for a return of the slaves to himself.
That judgment being now presented for revision, we have to decide whether, in the language of the assignment of errors, “ there is error to the appellant’s preju- “ dice:—
“1. In the judgment awarding restitution of the slaves “ to Tibbs.
“ 2. In the immateriality of the pleas on which the “ case was tried.
“3. In rendering judgment for the defendant in re- “ plevin.”
First. As Tibbs and Akin were both sued as joint trespassers, and each pleaded the same facts in justification, had there been no abatement, a judgment, on a verdict in favor of both of them, on those facts, might have been for a return of the slaves to them, jointly; for, though Akin may, in fact, have alone taken and been possessed of the slaves, he took and held them as bailiff, for the benefit of Tibbs; who, from the pleadings, should be deemed a joint taker and possessor; and, therefore ? might have been equally entitled to a judgmant of retorno.
The avowry by Tibbs should be considered as having the legal effect of an admission of the caption and detention by himself, jointly with Akin, as charged in the declaration; because, by justifying, as it did, the levy of his own execution, it made him, as charged, a principal, in judgment of law, and therefore, constructively, an avowant of taking by himself, and of a right thus to take. And consequently, in this sense, the avowry by Tibbs, as well as the cognizance by Akin, being of the nature of an action for restitution, and therefore each of those-parties,.being thus joint actors, both of them might have been entitled to a judgment of retorno habendo. Wilkinson on Replevin, vol. 6, Law Lib., title Replevin, p. 19, and 1 Saunders' Rep. 347. After the abatement as to Akin, either Tibbs alone was entitled to a judgment of return, or no judgment of that character could have been *145 rendered in the action. But being, as Tibbs was by the pleadings before the abatement, entitled to a joint judgment of return, and, moreover, having afterwards made a new avowry, there should be po doubt that he had as much right to such a judgment as he would have had if the action had, in the first instance, been brought against him alone. And Gaines, byGiis own acts — in suing Tibbs, and giving a replevin "bond to him, and to him alone, and taking issue on his avowries, and especially that pleaded after the abatement as to Akin — was es-topped from questioning his right to a retorno habendo, upon a verdict in his favor on his avowry; and could not, by the abatement, defeat a judgment for a return of the slaves of whom he had obtained possession by bringing his action and giving bond for restitution in the event of failing in his suit.
Tire plaintiff in replevin having sued the plt’f in the execution as a joint trespasser; having given bond to him, & having taken issue on Ms avowry, is estopped to question his right to a judg't. He cannot,by the abatement as to one deft, defeat a judg’t against himself, in favor of the other, for property which he had wrongfully taken by his replevin.
The successful def’t — after a return of the property to him, will hold it as bailee, as though it had been delivered to him by the sheriff.
The judgment in favor of the surviving defendant will exonerate the reps, of the deceased defendant from liability, & be beneficial to them; and the plt'f in the replevin,having no right to hold the property, cannot complain of the judgment against hi/n.
After a return to Tibbs, he will hold the slaves precisely as he would have done, in the first instance, had the sheriff, after levying the execution, delivered them to him for safe keeping.
In Kirby vs. Hume, 3 Monroe, 181, this Court decided, that, upon the entering of a nolle prosequi against Kirby, who had made cognizance as an. officer, in virtue of an execution, he was entitled to a judgment for a return; and it is urged, in this case, that the decision in that is an authority to show that Gillespie, who was sued jointly with Kirby, was not entitled to restitution, and therefore proves that Tibbs had no right to a judgment of retorno. But the two cases are essentially unlike each other; for, in the case reported, no question was raised as to Gillespie’s right, and it not only does not appear that he was a party to the execution in virtue of which Kirby took the property, but he made no avowry, and neither obtained nor asked for abridgment for any thing else than costs.
We are therefore of the opinion, that, if any judgment for a return of the slaves was proper in this case, there was no error in that which was rendered in favor of Tibbs. As it exonerates Akins’ representatives from all ulterior liability to Tibbs, in consequence of the levy, they could not be injuriously affected, but will be cer *146 tainly benefited, by such a judgment: and if, (as such a judgment implies) Gaines has no right to the slaves, he cannot be prejudiced.
Deft in replevin can legally file but oneplea;but if others are filed without oBjection, no advantage can be taken of it, in error. And—
After a verdict (in replevin,) it is too late to object that some of the issues were immaterial, if there is any one good.
An avowry that does not expressly admit the taking, which it attempts to justify, is insufficient, on dem’r; but is cured by issue, especially after verdict.
Def't’in replevin pleaded non cepit, and also avowed and justified; issues on both; verdict for idef t, and judg't pro retorno haBendo: — upon the plea of non cepit, he was clearly not entitled to that judgment; and there being nothing in the record to show that the trial was confined to the other issue, or that the verdict was found on that alone, the judgment is rewerged.
Second. Though a defendant in replevin may have no legal right to file more than one plea, yet, as the Circuit Court, without objection, permitted Tibbs to file more, the fact that more were filed, cannot be objected to as error.
And if the issue on the avowry be deemed material, it is now too late to object to the immateriality of any other issue.
" The avowry might not have been good on demurrer: (1) because it did not expressly admit the alleged taking by Tibbs; and (2) because it did not aver that the defendant in the execution owned the slaves, but alleged only that they were “subject to the execution.” But the issue on that avowry implied, necessarily, an admission of the' caption by Tibbs, and clearly involved the title to the slaves; and therefore the defectiveness of the avowry in form, was cured, especially after verdict. The issue, though informal, was not immaterial.
Third. But, as the jury was sworn also to try the issue on the plea of non cepit, which, if found for Tibbs, could not have entitled him to restitution of the slaves, the general verdict for him did not authorize the judgment for a return of them — unless it appeared that the trial had been restricted to the issue on the avowry. Perhaps that fact did appear to the Court below. It does not appear, however, to this Court — unless it should be presumed, for the record does not contain any reference to the evidence on the trial. But though it is a sound general rule that official acts should be liberally accredited, and that the judgments of courts should be presumed right, unless they are shown to be wrong; nevertheless, there are many important exceptions; and it seems to us that a judgment of retorno, on a general verdict upon issues formed on non cepit, and an avowry, ■should be one of those exceptions.
A general verdict on a declaration containing an insufficient breach, will not sustain a judgment upon it, merely because there was also a good breach. Nor *147 could this Court affirm such a judgment on the presumption that the Circuit Judge did right, without any other proof than the declaration, verdict and judgment. And in The Louisville and Portland Canal Co. vs. Rowan, (4 Dana, 606,) this Court decided that a judgment on a general verdict upon counts which could not be joined, should be deemed erroneous, unless the record exhibited satisfactory evidence that the verdict was rendered on one of the counts only.
The reason for a similar deduction is even stronger in. this case than in that; because, whatever might be presumed in favor of the Court below, it might have been more difficult in this case than it could have been in that,., for the Judge to know the true ground of the verdict; for though there might have been a contest on the avowry, and conflicting evidence as to title, the jury may not have decided on that testimony, or, even having decided that the title was in Gaines, they may nevertheless. have found their verdict for Tibbs merely because the-proof may have shown that he had not, in fact, had any agency in the caption or the detention of the slaves. Such certainly may have been the ground of the verdict in such a state of case, evén though the legal effect of the avowry, contrary to its literal import, was an admission of the fact that Tibbs had taken the slaves.
We do not feel authorized to sanction, by aflirmance,. such a judgment on such a verdict upon such issues.
Wherefore, it is considered that the judgment of the-Circuit Court be reversed, the verdict set aside, and. the cause remanded for a new trial.