# Vaughn's Executor *vs* Gardner.

### APPEAL FROM THE MARION CIRCUIT.

*Joinder of action.    Practice at law.    Evidence.*

JUDGE SIMPSON delivered the opinion of the Court.

THIS is an action of assumpsit, brought by the appellee against the appellant, as executor of Philips W. Vaughn, deceased. The declaration contains counts for work and labor done, and for freight and transportation of tobacco to New Orleans for defendant's testator, and other counts for services of the same kind, rendered for the defendant as executor. Several pleas and a demurrer were filed, and a trial had, which resulted in a verdict for the defendant. A new trial was awarded, on the motion of the plaintiff, and on a subsequent trial, a verdict was given in his favor, on which the Court rendered a judgment; and a new

trial having been moved for by the defendant and over-ruled, he excepted to the opinion of the Court, and prosecutes this appeal for its reversal.

The declaration is objected to, on the ground that it includes two distinct causes of action in the different counts ; one against the defendant, in which he would be liable only out of the estate of his testator; and the other, in which he would be charged personally. Promises by the defendant as executor, as well as by his testator, to pay for services rendered, for work and labor done for the testator may be joined in the same declaration. In this declaration, however, the promise of the executor is alledged to have been made in consideration of services performed by him as executor. For such services he is personally liable, and a judgment would be properly rendered against him, *de bonis propriis*. On the other counts in the declaration, he is liable only as executor, and the judgment would be *de bonis testatoris*. It is only where the counts are of the same nature, and the same judgment is to be given on them all, that they may be joined. It is evident, therefore, that in this declaration there is a misjoinder of causes of action. The consequences of this misjoinder must be next considered.

VAUGHN'S EX'R.
*vs*
GARDNER.

Counts may be joined in the same declaration on promises made by the executor, for work and labor done for the testator, with promises made by the testator; but not with promises made by the executor for services performed to the executor as executor, for which he would be individually liable.

After the trial of the issues of fact, and a verdict against the defendant, he is not entitled to the full benefit of his demurrer to the declaration, as if no issue had been tried. Where the defendant files other pleas with a demurrer, and a trial is had, and a verdict given against him, the declaration derives from the verdict all the aid it could if there had been no demurrer: (6 *Ben. Monroe,* 379.) It does not appear in this case, that the demurrer was disposed of, but as the Court rendered judgment for the plaintiff, the demurrer must be regarded as having been overruled, and the defendant as standing, in consequence of the verdict, only in the same attitude to question the sufficiency of the declaration, that he would be were he moving in arrest of judgment in the Court below.

When a demurrer and pleas are filed together, and no disposition of the demurrer appears of record, the Court will presume that it was overruled, and the defendant in this Court allowed to rely upon any defect which he might when moving in arrest of judgment.

Does the verdict cure the defect in the declaration? Where there are defects or imperfections in the declaration, yet the issue joined be such as necessarily require on the trial, proof of the facts defectively or imperfectly

Though there be defects or imperfections in declaration, yet if the issue joined

VAUGHN's Ex'R.
*vs*
GARDNER.

be such as necessarily to require proof of the facts which should have been averred, and that issue be found for the plaintiff, the defect will be cured by the verdict.

stated, or even omitted, and without which it is not reasonable to presume a jury would have given a verdict for the plaintiff, such deficiency is cured by the verdict. But how can a general and indiscriminate verdict cure a misjoinder of causes of action? The verdict of itself, does not enable the Court to determine what cause of action has been made out before the jury, or what judgment should be properly rendered, whether against the executor personally, or of the estate of his testator. It follows, therefore, that the misjoinder of the causes of action is not cured by the verdict.

The statute of jeofails of 1796, (2 *Stat. Laws*, 873,) does not apply to a case of misjoinder of counts or causes of action; neither does the statute which declares that a general verdict shall be good, if there be one good count, although there may be also an insufficient one.

The statute of 1799, (2 *St.Laws* 875,) does not apply to a misjoinder of counts, nor does that which makes a verdict good, if there be one good count and others bad.

The statute of 1799, (2 *Stat. Laws*, 875,) declares that "no judgment, after the verdict of twelve men, shall be stayed or reversed, where it shall appear to the Court, that the merits of the case have been fairly and fully decided by such verdict; and that such verdict, and the judgment thereon, might be effectually pleaded in bar to another suit for the same cause." A bill of exceptions filed in this case, contains all the evidence that was adduced on the trial. So that the record shows what was proved and tried, and enables the Court to determine, whether the merits of the case have been fairly and fully decided by the verdict, and also whether the verdict and judgment thereon, might be effectually pleaded in bar to another suit, for one of the causes of action declared on.

Where counts on promises by a testator in his lifetime are joined with promises by the executor, yet if it appear from the testimony deduced upon the trial that the evidence was applicable exclusively to the promises by the testator, though partially performed after his

All the evidence before the jury went to establish a contract, either express or implied, with the testator in his lifetime, although some of the services under the contract were performed after his death. It thus appears, that the cause of action on the contract with the testator, was the one tried and decided. That the proper judgment against the defendant is a judgment *de bonis testatoris*, and that although the verdict being general, it cannot point to the judgment that should be rendered, yet the evidence in the record enables the Court to determine this matter with sufficient certainty, and thus under the operation

ration of the statute last mentioned, to prevent this objection from proving so fatal as to produce a reversal of the plaintiff's judgment.

We do not know that a construction has heretofore been given to this statute, but as it was intended to be remedial in its operation, we think that the effect we have given to it, in this case, does not exceed that, to which, by a liberal exposition, it is entitled. And indeed this Court, in the case of the *Louisville and Portland Canal Company* vs *Rowan*, (4 *Dana*, 606,) intimate in pretty strong terms, that such might be its effect.

It is apparent, however, that this statute would not aid a misjoinder, if the evidence before the jury authorized them to assess damages on both counts. In such a case upon a general verdict, the evidence would not direct the Court to the judgment that should be entered, and such uncertainty would still exist, on the plaintiff's declaration, as to demand a reversal of his judgment.

The judgment having been rendered against the defendant, *de bonis testatoris*, and it appearing by the record, that the judgment is such as the evidence warranted, it should not, therefore, be reversed on account of the defect in the declaration.

This conclusion makes it necessary to examine the decisions of the Court below, first in setting aside the verdict in favor of the defendant, and in the second place, in refusing, after the last verdict was given, a new trial on the motion of the plaintiff.

One of the pleas filed by the defendant being a plea of set off, the jury, upon the first trial, found a verdict in his favor of $344 55, in damages; and it is contended, that the Court erred in setting that verdict aside, and granting the plaintiff a new trial.

If the evidence authorized a verdict for the defendant to any amount, which we do not deem necessary to decide, we are satisfied that the verdict rendered was not sustained by the evidence, and that the Court did not err in granting a new trial.

On the last trial, upon nearly the same evidence that was before the first jury, a verdict was given for the plaintiff for $233 50 cents, and the defendant's motion for a

*Margin notes:*

VAUGHN'S EX'R. *vs* GARDNER.

death, the verdict should not be disturbed; but the judgment be *de bonis testatoris.*

—But if the evidence before the jury authorizes the jury to find for the plaintiff upon either count, the finding will not be aided by the statute.

new trial having been overruled, the propriety of this de-cision involves the legality of the opinion of the Court, during the trial, in admitting and excluding testimony.

The extent of the plaintiff's recovery depended main-ly on the fact, whether he had in rendering the services sued for, acted merely as steersman in boats owned and furnished by defendant's testator, or whether he had freighted and transported tobacco and other produce to New Orleans for him, in boats belonging to, and furnish-ed by the plaintiff himself. In elucidation of this point, the defendant introduced evidence going to prove that it was customary in New Orleans, for persons acting in the capacity of freighters, to attend to the inspection, weigh-ing and storing of the tobacco freighted by them, and that the plaintiff did not, at any time, when he brought to New Orleans, tobacco belonging to the defendant's testator, attend either to the inspection, weighing or storing of the same, and relied upon this conduct of the plaintiff to prove, that he had only acted as steersman to the boats, and having landed the tobacco, he considered his duties fulfilled, which would not have been the case had he acted in the capacity in which he claimed to have been acting. This evidence was objected to and was ex-cluded by the Court.

The conduct of the plaintiff was clearly admissible in evidence. It tended very strongly to prove the fact it was designed to establish. And we think the custom among freighters in any particular place, was also legitimate evi-dence, particularly when such custom was reasonable and proper, and such as naturally resulted from a faithful per-formance of the duties consequent upon the assumption of the character of freighter. More particularly in a case like the present, where the evidence is somewhat contra-dictory, and circumstantial evidence has to be resorted to, to aid the jury in deciding the issues between the parties. The Court, therefore, erred in excluding this evidence from the jury, and properly admitted the evidence proving the custom of freighters, in Green river in relation to the hiring of hands, and furnishing provisions, &c., which was objected to by plaintiff.

Proof of the cus-tomary duty of those employed in the perform-ance of any par-ticular service at any particular place which are reasonable, is legitimate evi-dence in ques-tions involving the rightful dis-charge of such duty.

There was no error in the opinion of the Court, excluding the declarations of the plaintiff in the year 1841, whilst on his way to New Orleans in relation to his claim to the boat he was then in possession of. Whether the boat was furnished by him or by the defendant's testator, was a point in contest before the jury, and that point could not have been illustrated by any claim he might have made as to the ownership of the boat in question.

But as the judgment must be reversed for excluding the defendant's evidence, we will suggest the propriety, on the return of the cause, of the plaintiff's discontinuing so much of his action as is included in the counts in his declaration showing a consideration to the defendant himself, as the foundation of the promise relied on, or that by amending his declaration, he should strike out those counts, so as to obviate the objection to it, on the ground of a misjoinder.

The judgment of the Circuit Court is reversed, and cause remanded, with directions to award a new trial, and for new proceedings consistent with this opinion.

*Morehead & Reed and Shuck* for appellant; *Harlan & Craddock* for appellee.